FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 24 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

CASE NO. 4:20-cv-00783-BRW-JJV

Jury Trial: ☐ Yes ☐ No
(Check One)

I.    Parties

In item A below, place your <u>full</u> name in the first blank and place your present address in the second blank.  Do the same for additional plaintiffs, if any.

A.    Name of plaintiff: Kenneth Ray Pitts
      ADC # 85938

      Address: P.O. Box 500, Grady, AR 71644-0500

      Name of plaintiff: _____
      ADC # _____

      Address: _____
      Name of plaintiff: _____
      ADC # _____

      This case assigned to District Judge Wilson
      and to Magistrate Judge Volpe

      Address: _____

In item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B.    Name of defendant: MS. EVENS

      Position: NURSE

      Place of employment: Cummins Unit, Correction Care Solutions, And Arkansas State Board of Nursing

      Address: P.O. Box 500, Grady, AR 71644-0500, 6814 Princeton Pike, Pine Bluff AR 71602, 1123 South University Ave. suite 800 Little Rock. AR 72204.
      Name of defendant: T. MERRILL

      Position: L.P.N. Nurse

      1.

Place of employment: Cummins Unit, Correction Care solutions And Arkansas State Board Nursing.

Address: P.O. Box 500, Grady, AR 71644-0500., 6814 Princeton Pike Pine Bluff,AR 71602 1123 South University Ave. Suite 800. Little Rock,AR 72204

Name of defendant: MS. SEAC, And MS. Davi's, And Mr. Cantrell

Position: NURSE, NURSE, NURSE,

Place of employment: Cummins Unit, Correction Care Solutions, And Arkansas State Board Nursing

Address: P.O. Box 500., Grady, AR 71644-0500., 6814 Princeton Pike Bluff, AR 71602

Name of defendant: Rory Griffin And Dana Haynes, R.N. Nurse,

Position: Deputy Director Medical Services Administrator, R.N. Nurse, Manager Infirmary

Place of employment: Arkansas Division Of Corrections Prisons Units, And Cummins Units Infirmary Manager

Address: 6814 Princeton Pike, Pine Bluff, AR 71602 And P.O. Box 500,.Grady, AR 71644-0500.

II.    Are you suing the defendants in:

☐    official capacity only
☐    personal capacity only
☑    both official and personal capacity

III.    Previous lawsuits

A.    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ✓ No ___

B.    If your answer to A is yes, describe the lawsuit in the space below.  (If there is  more than one lawsuit, describe the additional lawsuits on another piece of  paper, using the same outline.)

☑    Parties to the previous lawsuit:

Plaintiffs: Kenneth Day Pitts

Defendants: T, Merrill And Ms. Evans

2.

☑ Court (if federal court, name the district; if state court, name the county):

_Eastern district Pine Bluff, AR_

☑ Docket Number: _5-19-cv-000297-D.P.M. J.T.K._

☑ Name of judge to whom case was assigned: _D.P. Marshall JR._

☑ Disposition: (for example: Was the case dismissed?  Was it appealed?
Is it still pending?) _dismissal_

☑ Approximate date of filing lawsuit: _____

☐ Approximate date of disposition: _____

IV.    Place of present confinement: _Cummins Unit East Building north wing_

_#2 cell P.O. Box 500, Grady, AR 71644-0500_

V.    At the time of the alleged incident(s), were you:
(check appropriate blank)

_____ in jail and still awaiting trial on pending criminal charges

___✓__ serving a sentence as a result of a judgment of conviction

_____ in jail for other reasons (e.g., alleged probation violation, etc.)
explain: _____

_____

VI.    The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit.  There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails.  Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

A.    Did you file a grievance or grievances presenting the facts set forth in this complaint?

Yes __✓__    No _____

B.    Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?

Yes _____    No _X_

If not, why? Because the white and blue copies was never answer by the R. N. Nurse Ms. D. Hawkes, and the yellow copy was never answer by the Grievance officer. And the Pink Copy was never answer by the Deputy director Mr. Griffin by sending me a notice He received this Pink copy so it was distoyed. So I was so "Emotion Distress," Humiliation,

VII.    Statement of claim Fright, Jury, Hurt, Harm, Highly unpleasant mental Reaction, Grief, Imminent Danger by these Defendants then trying too kill me in this prison. That I Have loss 55 pounds of weight from 230 pds to 175 pp since 3-26-18 To 6-1-20.

State here (as briefly as possible) the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. Plaintiff's (Pitts)'s alleges and States to this Honorable Courts that this is A claim called The Four Elements of An Eighth Amendment Medical Care Claim Violations of my Rights by these Defendants as following below:

2. Plaintiff's (Pitts)'s alleges States that eachs defendants in this claim denied them (1) A Serious medical need; (2) the prison Official's actual Knowledge of your Serious medical medical need; (3) that prison official's Failure to reasonably respond by providing you adequate treatment (" which they all where "Deliberate Indifference"); and (4) that the official's "deliberate indifference" cause you an injury or is likely to injury you in the future.

Continue next page (2) Claim 1/

4.

VIII.   Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.



See page (    )

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this 22nd day of June 22 , 20 20 .

P.O. Box 500, Lincoln County

Grady, AR 71644-0500

Kenneth Ray Pitts #85938
Signature(s) of plaintiff(s)

5.

## I. Jurisdiction And Venue

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of State law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff Pitts seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Pitts's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 And 2284 And Rule 65 of the Federal Rules of Civil Procedure.

2. The Eastern District of Arkansas is an appropriate Venue under 28 U.S.C. section 1391 (b)(2) because it is where the events giving rise to claim occured.

## II. Plaintiff's

3. Plaintiff Kenneth Ray Pitts, is and was at all times mentioned herein a prisoner of the State of Arkansas in the custody of the Arkansas Division of Corrections. He is currently confined in Arkansas State Prison in Grady, Arkansas.

## III. Defendants

4. Defendant Ms. Evens is a nurse employee care of the Arkansas Division of Corrections who, at all times mentioned in this complaint held the rank of nurse staff was assigned to Arkansas State Prison.

## 4. Defendants

5. Defendant Ms. T. Merrill is a employee care of the Arkansas Division of Corrections who, at all times mentioned in this complaint held the rank of L.P.N nurse Staff was assigned to Arkansas State Prison.

## 5. Defendants

6. Defendant Ms. D. Haures is a employees care of the Arkansas Division of Corrections who, at all times mentioned in this complaint held

6.

the rank of L.P.N. nurse staff and was assigned to Arkansas State Prison.

## 6. Defendants

7. Defendant Sns. Davis is a employee care of the Arkansas Division of Corrections who, at all times mentioned in this complaint held the rank of R.N. nurse and was assigned to Arkansas State Prison.

## 7. Defendants

8. Defendant Mr. Rory Griffin is a employee Staff of the Arkansas Division of Corrections who, at all times mentioned in this Complaint Held the rank of Deputy Director medical program services and was assigned to Arkansas State Prison.

## 8. Defendants

9. Defendant Ms. Seal is a employee care of the Arkansas Division of Corrections who, at all times mentioned in this complaint held the rank of R.N. nurse and was assigned to Arkansas State Prison.

## 9. Defendants

10. Defendant Ms. Cantrell is a employee care of the Arkansas Division of Corrections who, at all times mentioned in this complaint held the rank L.P.N. nurse and was assigned to Arkansas State Prison.

11. Plaintiffs (Potts)'s alleges and argues that the defendant nurse Evans came to my cell #2 North wing in east building on 6-13-20. to served me my "pm" medication which was my "Blood Pressure" that I take at Bed time alone with some more pills. This

7.

after the PM time at 12:10 Am another day. Plaintiff Also alleges that he takes 50 mg of blood pressure pills AM and pm, because Dr. Scott ordered it back that in March 2020 before he lefted And went too "Help with this Bad Diseased thats killing peoples in the United States." Dr. Scott And me Had a talk about my medications why did he change my "meds" from 50 mg To 25 mg. He said He did Nothing. I told Him that Nurse Merrill, Cantrell, Haynes, And Davis, Evens Had said He changed my Blood Pressure pills because my Heart Race was Low He said He Have no done that And He did Not check my Heart to see was it Low. defendent Evens gave me a 25 mg. of Blood Pressure pill Instead of 50 mg on 6-13-20 at 12:10 Am And it was late at that. She gave me a Half of 50 mg pill 25 For P.M. Not 50 mg.

12. Plaintiff (Pitts)'s alleges and argues that the defendant put His life in Imminent Danger because She Could have Caused me to Have a Panic Heart Attack or Stoke. because I Am Highly reacted which means I am very easy to get upset intention And the doctors told me if I don't stopped that I can have a Heart attack or Stoke. because my blood pressure was so high back in 1990 when they derovery I Had blood prascure problams it took 4 1/2 Hours to bring my Blood Prescure down And the First pill I was put on was Lotto-Tension For one (1) year and Half, From there on I been on defference kinds of pills until they found one in 2005 And I been on it from the Street From my doctors coming inside of prisoner. 50 mg. Am And pm!

13. Plaintiff's (Pitts)'s alleges and argues that the Imminent Danger Formed where inmate alleges threats of Serious harm due to Failure to treat Chronic illness.

8c

Vanciver V. Prison Health Servs., Inc., 729 3.2d. 580, 587 (10th Cir. 2013)

14. Plaintiff's (Pitt)'s alleges and argues that each Defendants in this Complaint played a parted in denying him 50 mg medication of Blood Pressure pills and threat of Serious harm like failure to treat chronic that an doctor ordered perscribed himself and then went behind his "Back" and changed the "Plaintiffs" medications theyself and lied and said my "Heart Races" was "low" and then "never seen me in the infirmary on at any Sick all" to show that I had a low Heart Races by An "(EKG)" On EX-Ray Examinations. Id.

15. Plaintiff's (Pitts)'s alleges and argues that He found defendants Evans, Merrill, Seal, Davis, Cantrell, and Haynes all In Imminent Danger exception satisfied by alleged failure to provide adequate medical care for serious conditions. Also, Plaintiff alleges Imminent Danger found where inmate denied of medical care treatment need.

Hunt V. Uphoff. 199, F. 3d. 1220, 1222 (10th Cir. 1999).

16. Plaintiff's (Pitts)'s alleges and argues that on June 16, 2020 at 2:10 pm Nurse Seal come to my Cell # 2 in east building on north wing to served me my "Blood Pressure" 800 pill. She didn't give me a (50mg) (Blood Pressure) pill And kept walking and "Denied me my medication And Could Have cause me a panic Heart Attack on stroke because She also did not give me my Heart 81 mg EC pill. Thats Imminent Danger failure to Threat and treat medical care need of conditions.

17. Plaintiff's (Pitts)'s alleges and argues that Defendants Seal and Merrill both's passed my ("cell #2 in North wing east building) alone with another C.N.A. Nurse And Correctional Officer MR. Moore at 4:45 AM "Refuses" to give me my "Stomach" pill a 160 Mg. pill that Dr. Paul Scott raised up several months ago that I have "Reflux" real Bad all my lief as a teenage And been taking a "medications" Called ("Ranitidine" 300 mg) for over 48 years was "Causing Cancer" And I was put on a new medication pill to backup that pill. Plaintiff's Also alleges that He asked Ms. Seal Where "was his medication for his "Reflux" to keep His (Food) down ??? Her remarks was you don't have no "meds" And kept walking with Her Supervisor L.P. N. T. Merrill And the other C.N.A. Nurse And Officer Moore.. I Also Have Filed a Grievance on Ms. Seal And Merrill on June 19 And 20. 2020 denying me my Morning Last "Ami" pill. which is "Denial of Medical Treat ment Care Need And Chronic Care Illness. Id.

18. Plaintiff's (Pitts)'s alleges and argues that R.N. Ms. Dana Haynes are the "Manager" in the Commins units (Infirmary) and she be the "one who answer the (Grievances) on non-emergency grievances and emergency grievances. Plaintiff's also alleges that All the "Emergency Grievances" He have Filed on about His "High Blood Pressure" on 6-2-20, 6-13-20, 6-16-20, 6-18-20, 6-19-20, And 6-20-20, And this R.N. Manager or L.P.N. Cantrell hath answers these Grievances throughout the "(week days)," And will not Answers "According to the "Grievance" A Bill Act 932 OF 1997 Amend Ark. Code 25-15-211 And Senate Bill 614 by Cenation Bradford of the State of Arkansas 81 st General Assembles Regular Session 1998. Stated as Following.

10.

~~For An Act To Be Entitled~~

"An Act To amend Arkansas Code 25-15-211 To Provide that Criminal Offenders in State Criminal Dentention Facilities must Exhaust their Administrative Remedies Under The Department of Correction Grievance Procedure As A Condition of Filing A complaint with any State Licensing Board, and for other purposes."

Subtitle

"An Act Relating To Complaing Filed With State Licensing Boards By ~~Inmates~~ in State Criminal Detention Facilities."
Ark. Code 25-15-211 (d) (1)

19. Plaintiff's (Pitts)'s alleges And argues, that defendant Rory Griffin is the Chief Deputy Director over Medical Correction Care Service program Administrative And answer the last Steps in "Grievances" procedure. Plaintiff's also alleges when He don't File here from these Grievances within three (3) on Six (6) days of Filing of the filing date will you only have Fifteen (15) days to get this grievance's on "Respond" If anything pass over that date. the Grievance is Died. According to Ark. Code 25-15-211 And "Inmate Grievance Procedure -AD-04-01.

20. Plaintiff's (Pitts)'s alleges and graues that He didn't Heard "a word" from either Emergency Grievances Filed Into the Communive Units Infermary in How, defendants Evans, Seal, Davis, on Merrill How they was Giving me only "25 ma" Blood Pressure Pills at "PM" "lieing" sayging that "Dr. Paul William Scott" was changing my medication because my "Heart Races" was Low. But I have No been "Examination to Say I have a Low Heart

17.

Races because you are Suppose to be "Checked by either blood pressure monitoring or by "ex-Ray examinations on by a EKG tested. And the plaintiff Have not been tested by either once And APN. Nancy L. Visited me on Monday June 15, 2020 And then respond to me was my ex-Rays she had taken of me that my "Heart was okay". My Blood Pressure was okay". my Throat was okay and my Stomach was okay. That She also said that she Reviewed And Ordered all my Medications And that she put my Blood Pressure back a week ago when she visited at 50 mg At AM And PM. like Dr. Scott had it. when He lefted here in March 2020.

21. Plaintiffr (Pitts) a alleges Also And argues that defendants Evens, Seal, Davis, Merrill, Haynes, And Cantrell are And the one who are Changing this Blood Pressure Medications at Night when APN., L. Nancy And Dr. Scott P. is not around in this infirmary. Other-Wises Fraud. Fasel Filing documental And lying of Licensing Doctor and High Nurses.

22. Plaintiff's (Pitts)'s alleges Also and argues that defendant R. Griffin Not Sending back my Third last Pink Copy of my Grievance when the White, Blue, And yellow copies are not "Answers" on Time And Track on Town was well the Plaintiff Pitts can't further process on with refund of Exhaust Remedies at all because these "Defendants" Griffin, Haynes, And Cantrell Have denied an respond And also Covering un For Defendants. Evens, Seal, Davis, And Merrill then wrongdoing Denying me 50 mg Blood Pressure Pills at night And Fasel Filing Documents in my Medical Records on Doctor Scott And APN. Nancy.,

12.

24. Plaintiffs (Pitts) alleges that the Defendant Rory Griffin did not give me an opportunity to litigated my issues which he denied me to exhaust my administrative remedies in Six (6) emergency grievances filed against these employee Staff licences for denying me may Blood Pressure medical Medications Treatment Care Chronic illness as Ordered and prescribed By a medical Medecation malpractice Doctor on April provider. These Grievances was filed our 6-2-20, 6-13-20, 6-16-20, 6-18-20 & 6-19-20 And 6-20-20. Plaintiff also alleges and argues that these Grievances are been taken into the "Infirmary" by Sgt. And Lt on Weekends the Shift Merrill And Evence on Seal are working on And turned into them. They "Destroyed" them and Never put them into the Manager Box. And there when the Grievances ar taken in as the same days Ms. Haywood And Grashell And Davis on these Grievances are Dictoriad by them And Never returned back answers in two (2) on three (3) weeks. For the Plaintiffs to send His last Responds to Director Deputy Griffin for his decision. Grievances Exhibits (A) (B) (C) (D) (E) (F) (G).

25. Plaintiffs (Pitts)'s alleges and argues that He "Demand for relief." in this complaint. That the claim is for "unliquidated damage," e.g., an uncertain amount of money demages, the amount Of any recovery Shall be limited to an amount less than required for federal court jurisdiction in diversity of citizenship cases, unless language of the demond indicates that the recovery Sought is in excess of Such amount.

13c

Claim For Relief

1. Ark. R. Civ. P. 8 (a); Godwin V. Churchman, 305 Ark. 520, 810 S.w.2d. (1991); Rabalais V. Barnett, 284 Ark. 522, 683 S.w. 2d. 919 (1985). See also Nelms v. Morgan. Portable Building Comp., 305 Ark. 289, 808 S.w. 2d. 314 (1991).

In 1983, Ark. R. Civ. P. (a) was amended to delete the requirement that bases of venue and jurisdiction of the court be stated.

Plaintiff's (Pitts)'s alleges that this clearly should be the rule, especially, for example, in cases in which one of two defendants must be liable and, if sued separately, each could possibly escape liability by blaming the other. Note that this has to do with allowing a pleader to plead facts which are inconsistent where he or she may have reason not (yet) to know what the facts are.

It is clear that alternative forms of relief which are inconsistent to the extent that not all of them may be awarded may be pleaded.

6. Wingfield v. Page, 278 Ark. 276, 644 S.w. 2d. 940 (1983); Earle v. Bayer, 172 Ark. 534, 289 S.w. 490 (1927).

The PLRA requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions.

See Booth v. Churner, 532 U.S. 731, 731 (2001).

14.

26. Defendant (Evens) Knew on Know that the plaintiffs' exhaust administrative remedies should have had been done. but they let their manager And L.P.N. who answers these — Grievances Distorued then than answering and Sended them back for the Step to filed to the Deputy Director. Respond and decision.

27. Defendant (Seal), (Merrill) Knew or know that the plaint should have had gotton are respond back but they played aparted when the Sergants or Lt's turned these grievances into the (Infermary) on the weekend they wonking and Destoriyed them where the Manager or LPN who answer them wont see them and the plaintiff can't further go on with his appeal unless used his last three two (2) Grievances copies And they he Destoriyed And wont have nothing to fight with but the New Law Affirment Defense.

28. Defendant (Davis) Knew on know that the plaintiff needed his Grievance exhaust administrative remedies done todo his fellower up frer a Suit but let her Superviicons get the grievance and Destoryed it so plaintiff couldn't do know further with his grievance for an Suit.

29. Defendants (Rory Griffine) (R. Haynes) And (LPN. Cantrell) All Knew on Know that the Plaintiff's should have had his Grievance all back And So he Could finish Exhaust Administrative Remedies to do an federal on State Law Suit.

15.

30. Plaintiff's (Pitts)'s alleges and argues that the PLRA require 'proper exhaustion' such that all person administrative rules must be properly followed; lack of available remedies alone will not be sufficient.

See, e.g., Johnson v. Killian, 680 J. 3d. 234, 238-39 (2d. Cir. 2012).

Plaintiff's (Pitts)'s Also alleges and argues that A plaintiff filed a Administrative remedies exhausted because issue was identical to issue defendant exhausted in grievance two years ago.

31. Plaintiffs (Pitts)'s alleges and argues that the Administrative remedies exhausted through inmate failed to receive response to grievances and appeal because prison's grievance procedures did not contemplate appeal from Non-decision.

Small v. Camden Cnty, 728 J. 3d. 265, 272-73 (3d. Cir. 2013).

32. Plaintiffs (Pitts)'s alleges and argues that the Administrative remedies may be exhausted through inmate did not name specific defendant because administrative remedy procedural guidelines did not require naming of parties.

Moore v. Bennette, 517 J. 3d. 717, 726 (4th. Cir. 2008).

33. Plaintiffs (Pitts)'s alleges and argues that the Administrative remedies may be properly exhaust even though inmate did not file complaint after transfer because incorrect statements

16.

by prison officials regarding grievance process may make remedies unavailable if inmate has no means of Verifying official's claims.

34. Plaintiff's (Pitts)'s alleges and argues that the Administrative remedies exhausted despite ongoing staff administrative investigation of prison's grievances when suit field.

Brown v. Valoff, 422 F. 3d. 926, 939-42 (9th. Cir. 2005).

35. Plaintiff's (Pitts)'s alleges and argues that the Administrative remedies exhausted when prison official uses threats or intimidation to prevent inmate from using administrative process.

Tuckel v. Grover., 660 F. 3d. 1249, 1252-53 (10th. Cir. 2011).

36. Plaintiff's (Pitts)'s alleges and argues that the Administrative remedies exhausted despite not raising continuing problems because grievance sufficient to alert prison officials and give them opportunity to resolve issue prior to litigation.

Parzych v. Prison Health Serv., 627 F. 3d. 185, 1219 (11th. Cir. 2010)

37. Plaintiff's (Pitts)'s alleges and argues that the Administrative remedies exhausted though inmate did not pursue administrative remedy because Bureau of Prisons could not provide inmate a remedy of any sort.

Kaemmerling v. Lappin, 553 F. 3d. 669, 675 (D.C. Cir. 2008).

13.

Plaintiff's (Pitt)'s alleges and argues Also A prisoner need not plead or prove exhaustion of remedies; rather, failure to exhaust is an affirmative defense.

See Jones V. Bock, 549 U.S. 199, 211-12 (2007); See, e.g., Ramos V. Patnaude, 640 F. 3d. 485, 488 (1st cir. 2011).

38. Plaintiff's (Pitts)'s alleges and argues that the Failure to exhaust administrative remedies is affirmative defense.

Gullon V. City of New Haven, 720 F. 3d. 133, 141 (2d. Cir. 2013) (same); -
Small V. Camden City., 728 F.3d. 265, 268 (3d. cir. 2013) (same); -
Carbe V. Lappin, 492 F. 3d. 325, 325 (5th. Cir. 2007).

39. Plaintiff's (Pitts)'s alleges and argues that the Dismissal of pris-
oner's action for Failure to exhaust administrative remedies un-
der PLRA improper because lack of exhaustion is affirmative
defense, Complaint silent as to exhaustion, and defendants had
had yet filed responsive pleading.

40. Plaintiff's (Pitt)'s alleges and argues that the Suit can be deci-
ded on merits when administrative remedies not exhaust, even
if defendant could have but did not raise failure to exhaust
as affirmative defense.

Surles V. Andison, 678 F. 3d. 452, 455 (6 th. cia. 2012) (same);
Huskor V. Cnty. of Kankakee. 741 F. 3d. 787, 792 (7th. Cir. 2013).

17.

41. Plaintiff's (Pitts)'s alleges and argues that the failure to exhaust remedies is affirmative defense that can be waived if not raised.

Kemp V. Hopkins, 596 F. 3d. 899, 904 (8th. Cir. 2010).

42. Plaintiff's (Pitts)'s alleges and argues that the defendant in a PLRA case must plead and prove nonexhaustion as an affirmative defense.

Albino V. Baca, 747 F. 3d. 1162, 1121 (9th. Cir. 2014).

43. Plaintiff's (Pitts)'s alleges and argues that IF. an inmates fails to exhaust one or more discrete claims raised in a § 1983 complaint, the PLRA requires only that the unexhausted claim or claims be dismissed — it does not require that the complaint be dismissed in its entirety.

Bingham V. Thomas, 654 F. 3d. 1171, 1175 (11th. Cir. 2011).

44. Plaintiff's (Pitts)'s alleges and argues that the failure to exhaust ' 4 of 7 claims does not require dismissal of entire complaint.

See, e.g., Spencer V. Bouchard, 449 F. 3d. 721, 727 (6th. Cir. 2006); Hammett V. Cofield, 681 F. 3d. 945, 948-49 (8th. Cir. 2012).

45. Plaintiff's (Pitts)'s alleges and argues that the Imminent-Danger found where officials allegedly withheld medical assistance to inmate who became ill after breathing particulates emitted from vent in cell.

18.

Gibbs V. Cross. 160 F. 3d. 962, 965 (3d. Cir. 1998).

46. Plaintiff's (Pitt)'s alleges and argues that Since Defendant T. Merrill havebeen dismissal out case no: 5-19-cv-00297 she have come back to work showing "Retaliate against the Plaintiff for "Punishment in kind to Return like for like, esp. Injury for Injury as of retaliation along with Help from the units Infirmary others employees Staffs Defendants as of - nurse. Evens, Nurse Davis, Nurse Seal, Nurse Cartrell, And Nurse Haunces as well Deputy Director Administor over medical Service Defendants Rony Griffin because of Serverd grievonces been Filed And all Steps have been Non-decision on Non-answer, on Non-returned or nothing have been Non-noticeded that I have been Notices what month on date I will received an answer on these "Grievonces" because they were "De stoenyed" where I couldn't act no answer on an reply on answer back.

## 10. Defendants

Each defendant is sued indivually and in both official and personal Capacity. At all times mentioned in this complaint each defendant acted under the color of State law.

## 11. Exhaustion Of Legal Remedies

47. Plaintiff Pitts used the prisoner grievance precedure available at Arkansas State Prison to tru and Solve the problom. on June 2, 13, 16, 18, 20, And 19, 21, 2020 plaintiff Pitts presented the facts relating to this complaint. On June 12, 2020; June 20, 2020, June 20, 2020, And those others 18, 20, 19 And 21 grievances was linst filed was Never answer. On June 12. 2020. June 20. 2020 And June 20, 2020, I couldn't appeal June 13. 16. 18 And 20. because their response suppoes to be answer

19.

Within three (3) days or Six (6) days unless than fifteenth (15) from the infirmary And the Deputy Director Medical Service Administration on the process is over i have Failure to obey the Grievance policies but then denied And Failure to obey the Grievance Amend Ark. Code 25-15-211 (d)(1). also. Therefore the Plaintiff's Pitts have no "Grievances" to show because He filed all Four (4) Steps to Resolved His problems And they "Destroyed" "evidences." For retaliatation for Merrill, because of a Suit I filed against her in favor of my Constitutional rights And the was dismissal out of it on May 20, 2020. So she punishment like For like For injury for injury with her staffs and employees. June 2, 2020, June 13, 2020, June 16, 2020, June 18, 2020, June 19, 2020, June 20. 2020 And June 21. 2020.

## 12. Legal Claims

48. Plaintiff's reallege and incorporate by reference paragraphs 12-46.

49. Defendant Evens, Merrill, Seal, Griffin, Haynes, Davis, Cantrell used excessive force against Plaintiff by punishment him Humilate threat him in the face when Pitts was not violating any prison rule, and was not acting disruptively. Defendants Evens, Merrill, Seal, Griffin, Haynes, Davis, Cantrell's action Violated Plaintiff Pitts's rights under the Eighth Amendment to the United States Constitution. and caused Plaintiff pain, Suffering, physical injury and emotional distress.

50. Defendant Evens, Merrill, Seal, Griffin, Haynes, Davis, Cantrell, used and continues to use excessive force against Plaintiff Pitts by punishment him Humilate threat him in the face repeatedly denying 50 mg Blood Pressure Medication to 25 mg at PM And denying others pills for 60 mg Reflux pill when

20.

Pitts is not violating any prison rule, nor acting disruptively in any way. Defendents Evans, Merrill, Seal, Griffin, Davis, Cantrell, Haynes's action violated and continues to violate Plaintiff Pitts's rights under the Eighth Amendment to United States Constitution, and is causing Plaintiff Pitts pain, suffering, physical injury and emotional distress.

51. By witnessing Defendents Evans, Merrill, Seal, Griffin, Davis, Haynes, Cantrell's illegal action. Failing to correct that misconduct, and encouraging the continuation of the misconduct, Defendant Merrill, Evans, Seal, Haynes, And Davis, Griffin, is also violating Plaintiff Pitts's rights under the Eighth Amendment to the United States Constitution and causing Plaintiff Pitts pain, suffering, physical injury and emotional distress.

52. By threatening Plaintiff Pitts with physical violence for exercise of his right to seek redress from the prison through use of the prison grievance system, Defendant Haynes, Cantrell, And Griffin is retaliating against Plaintiff Pitts unlawfully, in violation of Plaintiff Pitts's right under the First Amendment to the United States Constitution. These illegal actions are causing Plaintiff Pitts injury to his First Amendment rights.

53. Plaintiff Pitts has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the declaratory and injunctive relief which plaintiff seeks.

26.

## 13. PRAYER FOR RELIEF

Wherefore, plaintiffs respectfully pray that this Court enter judgment:

54. Granting Plaintiff Pitts a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States, and

55. A preliminary and permanent injunction ordering defendants Evens, Merrill, Seals, Haunes, Griffin, Davis & Cantrell to cease their physical violence and threats toward Plaintiff, and

55. Granting Plaintiff Pitts compensatory damages in the amount of $50,000 against each defendant jointly and severally.

56. Plaintiff Pitts seeks compensatory damages of $5,000 against defendant Evens, Merrill, Seals, Haynes, Cantrell, Davis, and Griffin only.

57. All Plaintiff Pitts seek punitive damages in the amount of $50,000. Plaintiff Pitts Pitts seeks these damages against each defendant jointly and severally. Plaintiff Pitts seeks damages only against Evens, Merrill, Seals Haynes, Cantrell, Davis, and Griffin.

58. Plaintiffs also seek a jury on all issues triable by jury.

59. Plaintiffs also seek recovery of their costs to this suit, and

60. Any additional relief this Court deems just, proper, and equitable.

22.

Dated: June 22, 2020

Respectfully Submitted,
Mr. Kenneth Ray Pitts #85938
Arkansas State Prison
P.O. Box 500., Cummins Unit
Grady,, An 71644-0500

State of Arkansas )
County of Lincoln )          Affidavit In Support of 1983 Complaint
                             June 22, 2020 . . . . . . . . . . . . . .

Verification

I, Mr. Kenneth Ray Pitts, Do Hereby Declare Swear Under Oath presents that I have read the foregoing Complaint and hereby Verify that the Matters alleged therein are true, except as to matters alleged on Information and belief, and, as to those, I believe them to be true. I Certify under penalty of perjury [Title 18 U.S.C. 1621 And 28 U.S.C. 1746] That the foregoing is true and correct. On this 22nd day of June 2020. By delivering a copy by U.S. postage Mail Service To United States District Court Clerks offices Suit A-149., 600 West Capital Avenue, Little Rock. Ar 72201-3325. Then Cummins Unit mailroom by mailroom Supervisor MS. T. Gibson, P.O. Box 500., Grady, An 71644-0500. Then Mr. Kenneth Ray Pitts ADC#85938. East B Bdg. N-W Cell #2. Mail out at 7:00 Am to mailroom on 9:00 Am mail out to Court.

Executed At Grady, Arkansas On June 22nd, 2020
Signature: Mr. Kenneth Ray Pitts #85938
Print name: Mr. Kenneth R. Pitts #85938

23.

Mr. Kenneth Ray Pitts #155836
"ADC" Cummins Unit - East Bldg - 14-W
P. O. Box 500
Grady, Ar 71644-0500

NEOPOST
06/22/2020
US POSTAGE $00
FIRST

"Legal Mail" U.S. Postage Mail Service
Mail Outgoing On June 22nd, 2020
Mail Cut Time Is Approx. 9:00 Am

United States District Court Eastern District
Suite A-149., 600 West Capital A...
Little Rock, Arkansas 72201-33...
Official Business
Penalty For Perjury USE ...