# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

KENNETH RAY PITTS                                                                                    PLAINTIFF
ADC #085938

v.                                           4:20-cv-00783-BRW-JJV

EVENS, *et al*.                                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Kenneth Ray Pitts ("Plaintiff") is incarcerated at the Cummins Unit of the Arkansas Department of Corrections and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  Plaintiff sued multiple individuals he identified as employees of the Arkansas Department of Corrections or Correct Care Solutions.  (*Id*.)  Plaintiff alleges Defendants Merrill, Cantrell, Haynes, Davis, and Evens told him his 50 mg evening dosage of blood pressure medication was changed to 25 mg.  (*Id*. at 8.)  He also alleged that on June 13, 2020, Defendant Evens gave him a 25 mg blood pressure pill, and the delivery of the pill was late.  (*Id*.)  Plaintiff maintains Defendant Evens "put his life in imminent danger because she could have caused [him] to have a panic heart attack or stroke because [he is] high reacted which means [he is] very easy to get upset . . . ."  (*Id*.)

On June 29, 2020, I denied Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* based on his litigation history.  (Doc. No. 7.)  As I noted in the June 29 Order, Plaintiff's Complaint shows he is receiving medical care.  Plaintiff asserted his blood pressure medication prescription never changed.  According to Plaintiff, however, on June 15, 2020 an APN put his blood pressure medication "back" at 50 mg morning and evening, indicating some change.  (Doc. No. 2 at 12.)

And importantly, as of June 15, 2020, the APN determined Plaintiff's heart, blood pressure, throat, and stomach all were "okay." (*See Id.*)

Further, Plaintiff identified imminent danger as being put at risk for a "panic heart attack or stroke" because he is "high reacted"; he explained his disposition for being easily upset through reference to a time in 1990 when his blood pressure was so high that it took four-and-a-half hours to bring it under control. "Imminent" implies danger is impending, about to happen. Past harm is insufficient to satisfy the imminent danger exception. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Plaintiff's Complaint does not indicate he is in imminent danger.

Because Plaintiff's Complaint did not indicate that he is in imminent danger of serious physical harm as contemplated by 28 U.S.C. § 1915(g), I directed him to pay the $400.00 filing and administrative fee within fourteen days if he wished to proceed with this lawsuit. (Doc. No. 7.) More than fourteen days have passed since the June 29, 2020 Order was entered and Plaintiff has not paid the filing fee.

Plaintiff did file an objection to the June 29 Order. (Doc. No. 9.) To the extent the objection addresses imminent danger, Plaintiff provides examples of what has constituted imminent danger in other cases. (*Id.* at 6-7.) For example, Plaintiff cites to a case in which the plaintiff alleged he was in imminent danger because two scheduled tooth extractions had not taken place and the plaintiff was at risk of infection spreading in his mouth. (*Id.* at 6) (*citing McAlphin v. Toney*, 281 F.3d 709 (8th Cir. 2002)). Another case Plaintiff cited deals with the treatment a prisoner received for HIV, another case with treatment for Hepatitis C, and another with failure to screen for contagious diseases. (*Id.* at 6-7.) None of the cases, however, deal with circumstances similar to those Plaintiff alleged. Plaintiff came closest with *Hunt v. Uphoff*, 199 F.3d 1220 (10th Cir. 1999), in which the plaintiff alleged deliberate indifference in connection with the treatment

of his diabetes and hypertension. There, however, the plaintiff alleged he had been denied insulin for over a year and his bypass surgery was caused by inadequate treatment, among other serious allegations. *Id*. at 1222-24. Again, Plaintiff here alleged isolated past incidents, did not explain how he was harmed, and based imminent danger on an event that happened years ago. Accordingly, I find Plaintiff has not established imminent danger and I recommend that this action be dismissed without prejudice.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 17th day of July 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE